UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO. 2:23-CV-01157** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DEB HAALAND ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are Motions to Intervene[1] filed by Sierra Club, Center for Biological Diversity, Friends of the Earth, and Turtle Island Restoration Network under Federal Rule of Civil Procedure 24. Plaintiffs oppose the motion. Doc. 47.

### I.
### BACKGROUND

This suit arises from the Bureau of Ocean Energy Management ("BOEM")'s plans regarding "Lease Sale 261," an oil and gas lease on the Outer Continental Shelf in the Gulf of Mexico proposed for sale on September 27, 2023, in accordance with deadlines set under the Inflation Reduction Act ("IRA"). On August 23, 2023, BOEM issued a Final Notice of Sale for the lease that withdrew six million acres from the region-wide sale and inserted new terms for the protection of Rice's whale, a species of baleen whale native to the Gulf. Plaintiffs allege that the insertion of these challenged provisions violates (1) the IRA, which directed BOEM to conduct Lease Sale 261 in accordance with BOEM's previously

---

[1] The first motion was filed in lead case *Louisiana v. Haaland*, No. 23-cv-1157, at doc. 24. The second was filed in member case *Shell Offshore Inc. v. U.S. Department of the Interior*, No. 23-cv-1167 (W.D. La.), at doc. 20, before the two matters were consolidated. The applicants in both motions are the same and the court considers them as one.

adopted Five-Year Plan for oil and gas leasing, (2) the procedural requirements of the Outer Continental Shelf Lands Act ("OCSLA"), and (3) the Administrative Procedure Act ("APA"), insofar as they represent an arbitrary and capricious change in position by BOEM. Accordingly, plaintiffs have filed suit in this court seeking declaratory and injunctive relief. They also seek a preliminary injunction, asserting that delaying the sale or allowing it to proceed with the challenged provisions will result in irreparable harm. Doc. 14.

Environmental groups Sierra Club, Center for Biological Diversity, Friends of the Earth, and Turtle Island Restoration Network[2] (collectively, "applicants") now seek to

---

[2] They have submitted affidavits describing their work as follows:
- **Sierra Club** is a nonprofit organization "dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives." Doc. 24, att. 1, p. 14. It is one of the oldest and largest conservation groups in the United States, with over 700,000 members. Doc. 24, att. 13, ¶ 4. Sierra Club has five chapters in the Gulf region with thousands of members. *Id.* at ¶ 5. As an organization and on behalf of its members, Sierra Club has long been involved in promoting the protection and recovery of Rice's whales. *Id.* at ¶¶ 8–11.
- **Center for Biological Diversity** ("the Center") is a nonprofit organization dedicated to protecting wildlife, including endangered species and their habitats. Doc. 24, att. 1, p. 14. The Center has nearly 90,000 members and has long taken an interest in conserving marine biodiversity and ecosystems, including in the Gulf of Mexico and with respect to Rice's whale. Doc. 24, att. 16, ¶¶ 3, 8–14. It advances these interests by engaging in advocacy to protect marine habitats from alleged harms caused by offshore oil and gas activities. *Id.* at ¶¶ 4–7, 9.
- **Friends of the Earth** is a nonprofit organization with nearly 250,000 members. Doc. 24, att. 14, ¶ 2. It is dedicated to environmental causes, including the promotion of a clean and sustainable environment. Doc. 24, att. 1, p. 14. The organization's Oceans and Vessels Program fights the "industrialization of the ocean" due to its alleged impacts on climate change and threats to marine biodiversity. Doc. 24, att. 14, ¶¶ 3, 5–6. To this end it has engaged in a comprehensive campaign to end oil and gas leasing in the Gulf of Mexico, and thereby highlighted the risks to endangered species including Rice's whale. *Id.* Friends of the Earth has long advocated on behalf of Rice's whale and its habitat. *Id.* at ¶¶ 8–10.
- **Turtle Island Restoration Network** ("TIRN") is a nonprofit organization with over 100,000 members worldwide, more than one quarter of whom are in the Gulf region. Doc. 24, att. 15, ¶ 5. Its members work to protect and restore populations of endangered sea turtles and other vulnerable marine creatures, including Rice's whale. *Id.* at ¶ 3. They are also dedicated to marine biodiversity and ecosystems throughout the Gulf of Mexico. *Id.* TIRN has advocated for more than 30 years on behalf of healthier oceans, including through restoration of Rice's whale and its habitat. *Id.* at ¶¶ 3, 5–6.

intervene in the matter as of right under Federal Rule of Civil Procedure 24(a) or, alternatively, permissively under Rule 24(b). Applicants are plaintiffs in a suit pending in the District of Maryland, *Sierra Club v. National Marine Fisheries Service*, No. 8:20-cv-3060 (D. Md.), wherein they raised challenges to the existing protections for, *inter alia*, Rice's whale. In a stipulation filed in July 2023, the parties to that suit agreed to stay proceedings and acknowledged that the government would be reinitiating consultation on environmental effects of offshore oil and gas activities in the Gulf of Mexico. *Id.* at doc. 147. They also stipulated that certain measures would be implemented during this reinitiated consultation, including the changes to Lease Sale 261 challenged in this suit. *Id.*; *see id.* at doc. 147, att. 2. Accordingly, applicants argue that they have legally protectable interests that may be impaired by the relief sought and that none of the parties to this suit adequately represents their interest. They seek leave to intervene as defendants and to respond to plaintiffs' Motions for Preliminary Injunction. Plaintiffs oppose the motions, arguing that the proposed intervention is untimely and that applicants fail to satisfy the criteria for either intervention of right or permissive intervention.

## II.
## LAW & APPLICATION

The applicants seek to intervene under Federal Rule of Civil Procedure 24(a), which provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Thus, a party is entitled to intervene under this provision if (1) the motion is timely; (2) the potential intervenor asserts an interest "related to the property or transaction that forms the basis of the controversy in the case;" (3) the disposition of the case may impair or impede the potential intervenor's ability to protect his interest; and (4) the existing parties do not adequately represent his interest. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). The applicant must satisfy each factor in order to show a right to intervene. *Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022).

The Fifth Circuit has repeatedly endorsed a "broad policy favoring intervention." *E.g.*, *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). Though the burden is on the applicant, the rule is liberally construed with doubts resolved in the applicant's favor. *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). The inquiry is also a flexible one, focusing on the circumstances of each application, and the right is "measured by a practical rather than technical yardstick." *Id.*

### A. Timeliness

Plaintiffs maintain that, given the compressed timeline in this case, intervention is untimely. The motion for preliminary injunction concerns a lease sale that must occur, under the IRA, by September 30, 2023. Plaintiffs filed suit in the lead case on August 24, 2023, one day after the Final Notice of Sale was issued with the challenged terms. Doc. 1. Accordingly, the court has set a hearing on the motion for September 21, 2023, and will endeavor to reach a decision before the sale deadline. Applicants filed their motion for leave to intervene in the lead case on September 1, 2023. The court has set an abbreviated

briefing deadline and is ruling on the motions for leave to intervene before the hearing. Applicants will be expected to file any memorandum relating to the motion for preliminary injunction before the hearing date. Accordingly, applicants' intervention will not disturb the court's ability to address the expedited requests for relief and is timely under the circumstances of the case.

### B. Legally protectable interest

To support intervention, an applicant's interest "must be direct, substantial, and legally protectable." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) (internal quotations omitted). This factor "may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group." *Id.* at 344. An interest suffices under Rule 24 if "it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Wal-Mart Stores*, 834 F.3d at 566 (quoting *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015)). This test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

Applicants first claim an interest because they are parties to the District of Maryland suit leading to a stipulation with NMFS for certain measures to protect Rice's whale, which are challenged in this suit and in the motion for preliminary injunction. They also note that American Petroleum Institute and Chevron, plaintiffs in this matter, are intervening defendants in the District of Maryland case but did not file objections to the stipulated

agreement before it was entered. Applicants maintain that they have a strong interest in addressing the arguments presented in this case, which are being raised for the first time and which may result in the undoing of their stipulation. Doc. 24, att. 1, pp. 18–19. Finally, they emphasize their long history of advocacy to protect Rice's whale and its habitat, summarized *supra* at note 2. Plaintiffs maintain that the stipulation, which was premised on the anticipated actions of non-party BOEM, did not create any enforceable promises. Accordingly, they assert that applicants have no interest that the law would deem worthy of protection in this suit.

Given the elastic and deferential nature of this inquiry, the court will not make a ruling on the enforceability of the stipulations in the District of Maryland suit. Instead, the undersigned observes that the very terms of that stipulation are being litigated in this court by parties who are also party to the District of Maryland suit. And indeed, the applicants' advocacy through the District of Maryland suit appears to have caused BOEM's challenged actions in this suit. Accordingly, applicants have a concrete interest in the subject matter of this suit. They should have the opportunity to appear and respond before the court rules on a motion for preliminary injunction that may effectively void what appears to be a proposed settlement in another court, regardless of whether that agreement is binding on any other party to this suit.

### C. Impairment of ability to protect interest

Applicants must next show that their absence from this suit will impair or impede their ability to protect their interests. As described above, a favorable decision for plaintiffs in this matter will effectively void the stipulation entered in the District of Maryland suit

and could lead to the continuance of that litigation. Plaintiffs maintain that intervention is not appropriate because applicants can protect their interests through other means, i.e. another lawsuit or other administrative channels to advocate for protective measures on behalf of Rice's whale. But as a practical matter, both this suit and the stipulations in the District of Maryland suit concern the protections that will or will not be attached to Lease Sale 261. Given the expedited nature of the relief sought in this suit, it is extremely unlikely that applicants could adequately protect their interests without direct intervention.

### D. Adequacy of representation

"The applicant has the burden of demonstrating inadequate representation, but this burden is minimal." *Entergy Gulf States La., LLC*, 817 F.3d at 203 (quoting *Brumfield*, 749 F.3d at 345). The applicant only has to show that the existing representation "**may** be inadequate;" the showing "need not amount to a certainty." *Guenther*, 50 F.4th at 543 (emphasis in original). The applicant must, however, overcome two presumptions. The first, which does not apply here, occurs when one party is a representative of the absentee by law. *Id.* The second arises when the applicant has the same ultimate objective as a party to the case. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022). This presumption can be overcome if the applicant shows an "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.* (quoting *Texas*, 805 F.3d at 661–62). An intervenor shows adversity of interest if it demonstrates that its interests "diverge from the putative representative's interests in a manner germane to the case." *Guenther*, 50 F.4th at 543 (quoting *Texas*, 805 F.3d at 662).

Applicants meet this minimal threshold. Although BOEM and Interior are statutorily required to consider environmental factors in their leasing decisions, they must also consider energy needs and other economic concerns. *E.g.*, 43 U.S.C. §§ 1344(a)(1)–(3). National Marine Fisheries Service, the government agency more directly devoted to the protection of Rice's whale and its habitat, is not a party to this suit—and, indeed, is adverse to applicants' interests in the District of Maryland suit. While government and applicants both have the same objective of upholding Lease Sale 261, government's interest is ultimately on the side of the integrity of its own process. Indeed, its opposition brief to the motion for preliminary injunction deals more with the procedures followed than with the ultimate merits of its decision. Doc. 56. Accordingly, applicants' interests diverge from those of defendants in a manner germane to the case.

Applicants have thus satisfied the criteria for intervention of right. They will be permitted to intervene as defendants in this suit. Given the expedited nature of proceedings, however, and the necessity of the court reaching a decision before the statutory deadline on the lease sale, their participation in the Motion for Preliminary Injunction will be limited as described below.

## III.
### CONCLUSION

For the reasons stated above, the court hereby **ORDERS** that the Motions to Intervene [doc. 24 & No. 2:23-cv-1167, doc. 20] be **GRANTED**. Intervenor-defendants' participation in the Motion for Preliminary Injunction [doc. 14] is limited to a single brief of up to 25 pages, excluding table of contents and authorities, which must be filed in the court on or before September 19, 2023. Time at oral argument is reserved only for the original parties to the suit.

**THUS DONE AND SIGNED** in Chambers on the 14th day of September, 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**